[No. 3004.  Sept. 19, 1929.]

YERKES et ux. v. FLETCHER et ux.

[281 Pac. 23.]

Thos. J. Mabry, of Albuquerque, for appellants.

George C. Taylor, of Albuquerque, for appellees.

OPINION OF THE COURT

PARKER, J. Upon motion for rehearing, fully argued, we have become convinced that our earlier opinion affirming the judgment is incorrect and should be withdrawn.

Appellees sued appellants to cancel a deed, or, in the alternative, to require appellants to pay $1,500, the purchase price of the land. They alleged that, being the owners of the land, they executed a deed thereof to appellants, for a consideration of $1,500, which, through the inadvertence of their agent, had been delivered to appellants without payment of the consideration; that the latter had repeatedly promised to pay the consideration but had failed to do so, had caused a house to be erected on the land, and had given a mortgage thereon.

Appellants denied any contractual relation between them and appellees, and set up that the deed had been delivered to them by one Caples pursuant to a contract with them, by which he agreed to have transferred to them by appellees a clear title to the land in question, for the purpose of erecting a house, to cost not to exceed $3,250, the construction of which was to be supervised by said Caples,

with funds to be furnished by appellants. According to this contract, upon the completion of the building the parties were to use their best efforts to sell the property at a profit. From the proceeds of the sale, appellants were first to be reimbursed for their advancements; Caples was next to be paid $1,500, the price of the lots; and the balance was to be divided as profits.

At the trial it appeared that the house had been completed, but at a cost of more than $5,000; that it had not been sold, although appellants had had an offer of more than $5,000, but not enough to cover the cost of the lots and of construction; that appellants were occupying the house and had mortgaged the property for $3,500; and that Caples had assigned his interest to appellees.

There was a total failure of proof of inadvertent delivery of the deed. Over objection, appellees shifted ground and endeavored to show that Caples had represented to appellees that the lots were to be paid for on completion of the house. The court found against this contention of fact. He also found that Caples was agent of appellees in disposing of the lots, and that the latter were bound by what he did. Therefore appellees have no standing except as assignees of Caples.

The trial court adopted a theory entirely foreign to either pleadings or proof. He determined that appellants had violated the contract with Caples in permitting the construction cost to exceed $3,250, and that, since they had received an offer for the property sufficient to cover the legitimate cost of the house and the agreed price of the lots, the liability to pay appellees, as assignees of Caples, had matured. He entered judgment against appellants for $1,500, made the same a lien upon the property, and decreed that, if the amount were not paid within seven months, execution should issue and the property be sold thereunder to satisfy the judgment.

The decree is plainly erroneous. The limit of cost as specified was a matter wholly between appellants and Caples. The record shows the bare fact that the limit was exceeded. It does not show that the contract was thereby

violated. The most that could be said is that it was not in that respect observed. Either party had the right to protest against exceeding the limit, but either or both might acquiesce in it. It is more probable that Caples was principally at fault than that appellants were. Upon this record Caples clearly could not recover. So his assignees cannot.

It results that the judgment must be reversed, and the cause remanded, with a direction to dismiss the complaint. It is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

CATRON and SIMMS, JJ., did not participate.